FILED
IN CLERK'S OFFICE

2022 MAY 16 PM 1:43

United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America ) | |
| ) | Case No. 120-cr-10198-FDS |
| v. ) | |
| ) | |
| _Fabrice Teixeira_ ) | |
| Petitioner, ) | |

## WRIT OF HABEAS CORPUS 28 U.S.C. § 2255

The Petitioner hereby files a writ challenging his sentence and conviction, he claims he has a right to relief from conviction. Because his sentence was imposed in violation of the Constitution and the laws of the United States, resulting in violation of his Constitutional and substantial rights. The Petitioner is seeking relief pursuant to 28 U.S.C. § 2255.

## FACTS

On March 4, 2021, the Petitioner pled guilty to conspiracy to Distribute and Possess with intent to distribute 40 grams or More of Fentanyl and Cocaine in violation of 21 U.S.C. 846 (Count One) and failure to Register as a sex offender in violation of 18 U.S.C. § 2250(a) and (b) (Count three). There was no plea agreement in this case.

The Petitioner was arrested on July 15, 2020, and continued to be in custody when he was arrested on state charges relating to his failure to register as a sex offender in Florida.

## ARGUMENT

The Petitioner's argument is that Count One constituted a prejudicial variance, the District Court's decision to accept the guilty plea on the basis that the Petitioner admitted to conspire with someone other than Mr. Cortez, from "on or about" March 31, 2015 continuing through November 1, 2017 constituted an impermissible variance.

The government's evidence presented during the criminal proceedings varied from the charges the Petitioner pled guilty to in regards to Count One of the superseding inditement, on two grounds, which charged a conspiracy that allegedly began "on or about" March 31, 2015.

1

However, in recognition that the government did not prove that: (1) Count One conspiracy started in "on or about" March 31, 2015 constitutes a prejudicial variance; (2) nor did they prove there was a single conspiracy. This variance was prejudicial, and caused many constitutional violations (and violated Petitioner's Substantial rights) for the Petitioner.

Additionally, the Petitioner claims his sentence and conviction violated his constitutional rights (U.S. Const. Amend. V, VI, & X).

## THE GOVERNMENT'S VARIANCE OF PROOF OF THE TIME FRAME OF THE CONSPIRACY CONSTITUTED A PREJUDICIAL VARIANCE MANDATES VACATING CONVICTION

"A variance occurs when the crime charged remains unaltered, but the evidence adduced at trial proves different facts than those alleged in the indictment. Even if the variance argument applies in the context of guilty plea, a variance is grounds for reversal only if it is prejudicial. United States v. Delarosa-Arias, 979 F.3d 80, 82 (1st Cir. 2020).

In this matter, the problem is that the government and the District Court acknowledged the fact that there was never a conspiracy that commenced "on or about March 31, 2015", on the basis of evidence presented established an alleged conspiracy that commenced no later than September 1, 2017.

Even viewing the evidence in the light most favorable to the government, conspiracy no later than September 1, 2017, cannot support a conviction for a charge of conspiracy on or about March 31, 2015, it was impossible that the Petitioner conspired "on or about" March 31, 2015. The evidence clearly falls short of proof beyond a reasonable doubt. Cf. United States v. Musgraves, 831 F.3d 454, 467(7th Cir. 2016): United States v. Rigas, 490 F.3d 208, 226 (2d Cir. 2007); see also Fed. R. Crim. P. 52(a).

Here, the Petitioner argues that he was convicted of a charge different from the one for which he was indicted and eventually pled guilty too. Therefore, the Petitioner burden establishing prejudice is sufficient, and the variance contradicted the evidence presented in court resulting in prejudicial variance. "A variance occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment. A defendant alleging variance must show substantial prejudice to warrant reversal. See, e.g., United States v. Morales, 185 F.3d 74, 80 (2d Cir. 1999) (reversing RICO conviction where conspirators were incarcerated for seven years of nine-year charged conspiracy).

First, the District court must acknowledge the language of count one of the superseding indictment. Second, the Superseding Indictment made a distinction between a single conspiracy commencing "on or

about" March 31, 2015 continuing through November 1, 2017. The allegation of the date of conspiracy itself implies a distinction.

"When 'on or about' language is used in an indictment, proof of the exact date of an offense is not required as long as a date reasonably near that named in the indictment is established." United States v. Ford, 872 F.2d 1231, 1236 (6th Cir. 1989).

In fact, there is no way possible that the Petitioner was conspiring on the dates charged in the indictment, therefore, the Court must vacate the conviction, because the lack of evidence of an existing conspiracy commencing "on or about" March 31, 2015 continuing through November 1, 2017 constitutes a prejudicial variance. See United States v. Russano, 257 F.2d 712 (2d Cir. 1958) (A prejudicial variance existed between the proof and indictment where the indictment alleged a continuing conspiracy but the proof adduced at trial was insufficient to support the conspiracy charged in the indictment).

## ON OR ABOUT DATES RESULTED IN PREJUDICE TO THE PETITIONER

A majority of Circuits have found a material variance may occur "where "on or about" language is used, the government is not required to prove the exact dates, only if a date reasonably near is established." See United States v. Jarmon, 14 F.4th 286, 275 (3rd Cir. 2021), quoting United States v. Nersesian, 824 F.2d 1294, 1323 (2d Cir.); see also United States v. Mckinnon, 1993 U.S. App. LEXIS 1827, at *13-14; United States v Holmes, 603 Fed. Appx. 383, 386-387 (6th Cir. 2015); United States v. Ross, 412 F.3d 771, 775, 67 Fed. R. Evid. Serv. (CBC) 637 (7th Cir. 2005); see, e.g., United States v. Castillo, 140 F.3d 874, 885 (10th Cir. 1998); United States v. Hernandez, 919 F.3d 1102, 1106-07 (8th Cir. 2019); United States v. Bastian, 770 F.3d 212, 223 - 24 (2d Cir. 2014).

By contrast, a majority of Circuits have found variances in dates to be prejudicial have involved large differences between the facts proved and the dates alleged in the indictment. See, e.g., United States v. Tsinhnahijinnie, 112 F.3d 988, 991-92 (9th Cir. 1997) (disallowing a two year variance); United States v. Casterline, 103 F.3d 76, 78-79 (9th Cir. 1996) (excluding conduct that occurred seven months before the date charged in the indictment)." United States v. Hinton, 222 F.3d 664, 672-73 (9th Cir. 2000), cites two cases, involving 2-year and 7-month discrepancies respectively, to illustrate unreasonable departures.

Here, the 2-year and 6-month variance isn't "reasonably near", from the discrepancy between the date as charged, and the date in which the alleged conspiracy actually commenced is substantially significant. Simply put, there was a prejudicial / fatal variance between the allegations of the indictment and proof at trial. Cf. United States v. Ford, 872 F.2d 1231, 1236 - 1237 (6th Cir. 1989), cert. denied, 495

3

U.S. 918, 110 S. Ct. 1946, 109 L. Ed. 2d 309 (1990); United States v Casterline, 103 F.3d 76, 77 - 78 (9th Cir. 1996). In Musgraves, eight month variance was found insufficient to support a conviction. Id 831 F.3d at 466 – 467.

In Ross, the Seventh Circuit Court reversed a conviction and ordered a new trial where the jury instructions would have allowed conviction for actual possession four years before the charged "on or about" date. Id. at 774-75, citing United States v. Hinton, 222 F.3d 664, 672-73 (9th Cir. 2000) (while a few weeks of variance is allowable, seven months of variance "between the facts proved and the dates alleged in the indictment" is "prejudicial"); United States v. Casterline, 103 F.3d 76, 77-78 (9th Cir. 1996) (firearm possession seven months earlier insufficient to establish felon-in-possession conviction reasonably near indictment date); cf. United States v. Blanchard, 542 F.3d 1133, 1143 (7th Cir. 2008), citing United States v. Leibowitz, 857 F.2d 373, 379 (7th Cir. 1988) (variances of one to three weeks were permissible). Id 831 F.3d at 467.

A variance occurs, by contrast, "when the facts proved at trial deviate from the facts contained in the indictment but the essential elements of the offense are the same." United States v. Holt, 777 F.3d 1234, 1261 (11th Cir. 2015). A variance arises when the evidence adduced at trial establishes facts different from those alleged in an indictment. Dunn v. United States, 442 U.S. 100, 105, (1979).

In this matter, the prejudiced the variance effected the substantial right of the Petitioner by impairing his ability to defend himself for false accusations ("On or about" dates that never existed) effecting the general fairness of his criminal proceeding, he was forced to defend himself against a conspiracy, a conspiracy that was totally separate from the conspiracy alleged in the indictment. Had the Petitioner been provided with accurate information he would not have pled guilty and would have proceeded to trial on the false allegations. The Petitioner is entitled to relief on the conspiracy charge in Count One of the Indictment, and mandates the conviction to be vacated regarding this count.

## THE MULTIPLE CONSPIRACIES CONSTITUTED PREJUDICIAL VARIANCE

"A variance occurs when the crime charged remains unaltered, but the evidence adduced at trial proves different facts than those alleged in the indictment." United States v. Mangual-Santiago, 562 F.3d 411, 421 (1st Cir. 2009) (quoting United States v. Yelaun, 541 F.3d 415, 419 (1st Cir. 2008)). Even if the variance argument applies in the context of guilty plea, see Gaccione, 2020 U.S. App. LEXIS 31397, 2020 WL 5869462 at *4, a "variance is grounds for reversal only if it is prejudicial," Magual-Santiago, 562 F.3d at 421.

Here, the Government failed to prove a single conspiracy charged in count one of the superseding indictment. "Mere repeated dealings, on its own, does not establish a conspiracy." Contreras, 249 F.3d at 600. In short, the evidence in this case shows none of the plus factors necessary to infer the evolution from a mere-buyer-seller arrangement to a conspiracy. Even if the court find that there was sufficient evidence to prove a conspiracy, the evidence points to multiple conspiracies, not the single conspiracy charged in Count One of the superseding indictment. The material variance between the charges conspiracy and the proof requires reversal.

The Petitioner claims that there were multiple conspiracies (at least 10) that were charged and not just one, constituting a prejudicial variance. "To determine whether a variance has occurred, the court must look to whether the evidence can "reasonably be construed only as supporting a finding of multiple conspiracies" rather than the single conspiracy alleged in the superseding indictment. Kotteakos v. United States, 328 U.S. 750 (1946).

Most importantly, the evidence presented by the government varied from the charged offense the Petitioner plead guilty to, by supporting at best multiple conspiracies, and thus Count One of the Superseding incitement must be vacated for violating the petitioner's substantial rights, constituting a prejudicial variance. See e.g., United States v. Dellosantos, 649 F.3d 109 91st Cir. 2011).

"A variance arises when the evidence adduces establishes facts different from those alleged in the indictment. See Dunn v. United States, 442 U.S. 100, 105 (1979).

Lastly, the Petitioner was involved in a single drug transaction, the government's evidence failed to establish the 2017 transactions into a single unifying conspiracy. C.F. United States v. Izzi, 613 F.2d 1205, 1210 (1st Cir. 1980) ("A single sale of drugs without more does not establish a conspiracy"). On October 8, 2020 at approximately 2PM, during cross examination, John Broderick testified that the Petitioner was not involved in any other drug transaction other than the drug transaction that occurred September 12, 2017. When Mr. Broderick was asked if he developed any information other than on the one occasion about any activity that the Petitioner may have has in concert with Mr. Cortez, he answered "No, I have not". He also admitted that Mr. Teixeira conspired only with Mr. Cortez, and that there were no other information suggesting Mr. Teixeira conspired with any of the other named Defendants in the case. See Doc # 133 (page 13).

## VIOLATION OF CONSTITUTIONAL AMENDMENTS

## 5TH AND 6TH AMENDMENT VIOLATIONS

Here, the Petitioner's Fifth and Sixth Amendment rights were violated for failure to receive proper notice of all facts regarding criminal charges. Had the petitioner been aware of being indicted on a defective indictment (false facts and false allegations) he would not have plead guilty, and would have proceeded to trial (Petitioner re-alleges same arguments raised above). "A variance may result in the denial of a fair trial by depriving the defendant of proper notice of the conduct at issue." United States v. Attanasio, 870 F.2d 809, 817 (2d Cir. 1989).

As noted, the petitioner was deprived of proper notice of the conduct at issue pertaining to count one, the allegation in the superseding indictment and the proof did not correspond infringing upon the Petitioner's right to be properly notified of the charges, enabling him to resent a defense, and protection against subsequent prosecution for the same offense.

Given any deference has clearly infringe upon the grand jury's function. See Russell v. United States, 369 U.S. 749, 770, 82 S. Ct. 1038, 8 L. Ed. 2d 240 (1962) ("To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure.").

"The allegations in the indictment and proof at trial must correspond so that the defendant is properly notified of the charges, enabling him to present a defense, and is protected against a subsequent prosecution for the same offense." Id. (citing United States v. Reed, 887 F.2d 1398, 1403 (11th Cir. 1989)). "Unlike a constructive amendment, a variance requires reversal only when the defendant can establish that his rights were substantially prejudiced." Id.

Such a substantial variance clearly contravenes the Fifth Amendment's requirement that federal felony prosecutions be commenced by indictment. See also Stirone v. United States, 361 U.S. 212, 215-19, 80 S. Ct. 270, 4 L. Ed. 2d 252 (1960).

As noted, there were multiple conspiracies not just one, therefore, the indictment here was unconstitutionally broadened when the prosecutor offered evidence of two theories of liability, and the grand jury here only indicted on a single theory. Stirone v. United States, 361 U.S. at 215-16. The Petitioner received no fair notice of the amendments which resulted in violation of his Fifth Amendment right to notice and to defend against double jeopardy.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In this matter at hand, the Petitioner was denied effective assistance of counsel guaranteed by the United States constitution. Counsel ineffective assistance resulted in failure to challenge all meritorious issues raised above. including the fact that counsel failed to file a direct appeal (file notice of appeal within the limitation period) following final judgment, or Petitioning a writ of habeas corpus (28 U.S.C. 2255) challenging the issues raised above, inter alia, prejudicial variance and plain error (Fed. R. Crim. P. Rule 52(b)).

## TENTH AMENDMENT

In regards to Count Three, the Petitioner claims that he has sustained injury resulting from disregards of the federal structure of the national government in violation of the Tenth Amendment, which caused his liberty to be curtailed resulting in the loss of liberty.

Moreover, state laws were sufficient to prosecute Petitioner for failure to register as a sex offender. Thus, 18 U.S.C. § 2250 is consistent with the principles of federalism inherent in the federal constitution. E.g., Bond v. United States, 572 U.S. 844 (2014). The powers not delegated by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the People. **See U.S. Const. Amend. X.**

In fact, the Federal government is one of enumerated powers. The only powers that the national government can exercise are the powers specifically given to it by the Constitution. As opposed to the States who have general powers within their boundaries.

The national government violated the Petitioner's Tenth Amendment right by charging him with failure to register as a sex offender, in which he was initially charged by the State of Florida. The Federal government clearly exceeded its powers delegated to them by the United States Constitution, infringing upon the Petitioner's constitutional rights. **See U.S Const. Amend. X.**

"When Counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal, with no need for a further showing of his claims' merit, regardless of whether the defendant has signed an appeal waiver". Garza v. Idaho, 139 S. Ct. 738, 748 (2019).

## CONCLUSION

For all facts mentioned above, the Petitioner respectfully request that the Court grant this writ vacating his sentence and conviction.

Respectfully submitted,

By _Fabrice Teixeira_ (Pro'se)

*[signature]*

Date: _05/12/22_

## CERTIFICATE OF SERVICE

I, _Fabrice Teixeira_ hereby certify that the foregoing document is being served today by United States mail to the United States District Court District of Massachusetts.

I, _Fabrice Teixeira_ under oath states the following facts:

1. I am the Petitioner of this Writ

2. Everything mention above in this writ of habeas corpus is true and accurate to the best of my knowledge

3. My conviction was obtained in violation of my Constitutional and Substantive rights.

I, _Fabrice Teixeira_ declare under penalty and perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Signature _[signature]_

Date: _5/12/22_

8