UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FABRICE TEIXEIRA,  )<br>             )<br>       Petitioner,  )<br>             )  Criminal Action No.<br>       v.  )  20-10198-FDS<br>             )<br>UNITED STATES OF AMERICA,  )<br>             )<br>       Respondent.  )<br>             ) | |

# MEMORANDUM AND ORDER ON MOTION TO VACATE

SAYLOR, C.J.

Petitioner Fabrice Teixeira has moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on three grounds: (1) improper variance, (2) ineffective assistance of counsel, and (3) violations of the Tenth Amendment. For the reasons set forth below, the motion will be denied.

**I.    Background**

  **A.    Factual Background**

Because the conviction resulted from a guilty plea, the following facts are taken from the sentencing hearing and the Presentence Investigation Report ("PSR"), unless otherwise noted. *See United States v. Connell*, 960 F.2d 191, 192-93 (1st Cir. 1992); *United States v. Garcia*, 954 F.2d 12, 14 (1st Cir. 1992).

In June 2017, a confidential source informed law enforcement that an individual known to him as "A" was distributing large quantities of fentanyl, cocaine, and other controlled substances in the greater Boston area. (PSR ¶ 8). An investigation revealed that "A" was

Adriano Cortez, who was on house arrest in Dorchester, Massachusetts. (*Id.*).

As part of the investigation into Cortez's drug-trafficking operation, two undercover officers purchased controlled substances from him on multiple occasions between September and November 2017. (*Id.* at ¶ 9). One of the undercover officers would contact him and place orders for fentanyl, cocaine, or both. (*Id.*). He would designate a meeting location, and at that location, one of his co-conspirators would provide the undercover officer with the controlled substance, in exchange for money to be delivered to Cortez. (*Id.*).

On September 12, 2017, Teixeira sold 6.95 grams of cocaine to an undercover officer on behalf of Cortez. (*Id.* at ¶ 10).

In addition, Teixeira, who was convicted in Plymouth County Superior Court on October 27, 2011, for rape of a child, failed to renew his sex offender registration when it expired in February 2019. (*Id.* at ¶ 12-13). He also traveled to Florida and Cape Verde without complying with his sex offender registration obligations under the Sex Offender Registration and Notification Act ("SORNA"). (*Id.* at ¶ 15).

**B.    Procedural History**

On October 7, 2020, a grand jury returned a superseding indictment charging Teixeira with conspiracy to distribute and to possess with intent to distribute 40 grams or more of fentanyl and cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (Count One) and failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a) (Count Three). On March 4, 2021, Teixeira pleaded guilty to both counts. There was no plea agreement. He was sentenced on July 9, 2021, to a term of imprisonment of 18 months followed by five years of supervised release.

On May 16, 2022, Teixeira moved to vacate, set aside, or correct his sentence pursuant to pursuant to 28 U.S.C. § 2255.

II. **Legal Standard**

Under 28 U.S.C. § 2255, a prisoner in custody "claiming the right to be released" may file a motion to vacate, set aside, or correct a sentence. The relief requested may be granted on the grounds that the "petitioner's sentence (1) was imposed in violation of the Constitution; (2) was imposed by a court that lacked jurisdiction; (3) exceeded the statutory maximum; or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). The petitioner bears the burden of establishing by a preponderance of the evidence that he is entitled to relief under § 2255. *Id.*; *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). At the initial stage, in deciding whether a petitioner has met that burden, the court generally must accept his factual statements as true, "but . . . need not give weight to conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

Because petitioner appears *pro se*, his pleadings must also be construed more leniently than those drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a petitioner's *pro se* status does not excuse him from complying with procedural and substantive requirements of the law. *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

III. **Analysis**

As set forth above, petitioner seeks to vacate, set aside, or correct his sentence pursuant to § 2255 on three grounds: (1) improper variance, (2) ineffective assistance of counsel, and (3) violations of the Tenth Amendment. Each will be addressed in turn.

A. **Improper Variance**

Petitioner first contends that he suffered a prejudicial variance because "the evidence presented established an alleged conspiracy that commenced no later than September 1, 2017,"

while the superseding indictment refers to a "conspiracy that commenced 'on or about March 31, 2015.'" (Docket No. 647 at 2). As a result, petitioner asserts that "he was forced to defend himself against a conspiracy, a conspiracy that was totally separate from the conspiracy alleged in the indictment." (*Id.* at 4). Petitioner also contends that a "2-year and 6-month variance" between "the date as charged, and the date in which the alleged conspiracy actually commenced" constituted "a prejudicial/fatal variance between the allegations of the indictment and proof at trial." (*Id.* at 3-4). Finally, petitioner asserts that "there were multiple conspiracies (at least 10) that were not charged and not just one, constituting a prejudicial variance." (*Id.* at 5).

"A constructive amendment occurs when the difference between the indictment and the proof at trial is so great that the defendant was essentially convicted of a charge for which he was not indicted; a variance occurs when the charge is unchanged, but the facts proved at trial are different from those alleged in the indictment." *United States v. Rosario-Pérez*, 957 F.3d 277, 289 (1st Cir. 2020).[1] Although "the line between 'the crime charged' and 'the facts charged' is inherently fuzzy," *United States v. Mueffelman*, 470 F.3d 33, 38 (1st Cir. 2006), "[u]ltimately, it does not matter [if the Court] construe[s] [petitioner's] argument as one of constructive amendment or variance – [if] neither occurred," *see Rosario-Pérez*, 957 F.3d at 289. That is the situation here.

First, petitioner fails to consider the full language of the superseding indictment. Count One charged petitioner with conspiracy to distribute and to possess with intent to distribute 40 grams or more of fentanyl and cocaine "[f]rom a date unknown to the Grand Jury, but beginning no later than on or about March 30, 2015, and *continuing through on or about November 1,*

---

[1] "Unlike the per se prejudice of a constructive amendment, a variance is grounds for reversal only if the defendant has been prejudiced." *United States v. Rodriguez-Rodriguez*, 663 F.3d 53, 58 (1st Cir. 2011).

*2017.*"  (Docket No. 75 at 1) (emphasis added).  Furthermore, petitioner at his Rule 11 hearing specifically conceded that he "exchange[d] . . . 6.9 grams of cocaine for $300" on September 12, 2017.  (Docket No. 187 at 20-21, 25).  In other words, there is no inconsistency between the superseding indictment and the conduct to which Teixeira pleaded guilty, let alone a prejudicial one.

In addition, to the extent petitioner contends that there was a "2-year and 6-month variance" between "the date as charged, and the date in which the alleged conspiracy actually commenced," that assertion appears to refer to the narrowing of the time frame of Count One's conspiracy at the trial of his co-conspirator, Cortez.  (Docket No. 647 at 3-4).  The Supreme Court, however, has "expressly rejected the proposition that 'a narrowing of the indictment constitutes an amendment that renders the indictment void.'"  *United States v. Mubayyid*, 658 F.3d 35, 50 (1st Cir. 2011) (quoting *United States v. Miller*, 471 U.S. 130, 144 (1985)).

Finally, petitioner asserts that the superseding indictment alleged a single conspiracy when "multiple conspiracies (at least 10)" actually existed.  (Docket No. 647 at 5).  Petitioner, however, admitted to conduct at his change of plea hearing that "amply established the single overarching conspiracy as alleged in Count One of the superseding indictment."  (Docket No. 735 at 6).  During the hearing, the government proffered that on September 12, 2017, an undercover officer contacted Adriano Cortez to order "a quarter ounce of cocaine for $300."  (Docket No. 187 at 20-21).  Cortez provided the undercover officer with a meeting location.  (*Id.* at 21).  At that location, Teixeira sold the officer approximately 6.9 grams of cocaine in exchange for $300.  (*Id.* at 21).  Accordingly, petitioner will not be granted relief on the basis that the government failed to establish "a single unifying conspiracy."  (Docket No. 647 at 5).

  **B.**  **<u>Ineffective Assistance of Counsel</u>**

Next, petitioner contends that he was denied effective assistance of counsel guaranteed

by the United States Constitution because his counsel failed to challenge the allegedly improper variance, file a direct appeal, or file a writ of habeas corpus.

A petitioner claiming a violation of the Sixth Amendment right to effective assistance of counsel must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To succeed on such a claim, a petitioner must establish both (1) that his counsel provided deficient assistance and (2) that he suffered prejudice as a result.  *Id.*

The first prong requires a petitioner to demonstrate that his counsel's performance fell below an objective standard of reasonableness.  *Id.* at 689. A court making that evaluation "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.*  A petitioner may overcome that presumption by demonstrating that counsel's alleged errors were so serious that his performance "fell below an objective standard of reasonableness under the circumstances."  *Sleeper v. Spencer*, 510 F.3d 32, 38 (1st Cir. 2007). The second prong requires petitioner to show that counsel's deficient performance resulted in "prejudice"—that is, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.

There is no reason for a court deciding an ineffective assistance claim to address both components of the inquiry if the petitioner makes an insufficient showing on one.  *Id.* at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."  *Id.*  In addition, "when, as in this case, a petition for federal habeas relief is presented to the judge who presided at the petitioner's [criminal proceedings], the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *McGill*,

11 F.3d at 225.

As set forth above, there was no constructive amendment or variance. Petitioner's counsel therefore did not prejudice him by failing to object on that basis. For the reasons set forth below, petitioner's counsel also did not prejudice him by failing to file a direct appeal or a petition for a writ of habeas corpus.

The Supreme Court has "long held that a lawyer who disregards specific instructions from [a] defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). If a defendant does not instruct counsel to appeal, whether counsel performed unreasonably by failing to do so generally depends on whether he or she consulted with the defendant about appealing. *Id.* at 478. The term "consult" in this context means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover [his or her] wishes." *Id.*

Counsel is not required to consult the defendant about an appeal in every case, however. Rather, he or she has a duty to consult the defendant about an appeal only "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. Although no one factor is dispositive, "a highly relevant factor in th[e] inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.* Even where a defendant pleads guilty, however, the court must consider factors such as "whether the defendant received the sentence bargained for as part of the plea" and "whether the plea

7

expressly reserved or waived some or all appeal rights." *Id.*[2] Counsel also may not need to consult the defendant about an appeal where "a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult." *Id.* at 479-80. And if counsel has consulted with the defendant, he or she acts in an objectively unreasonable manner only by disregarding a defendant's specific request with respect to an appeal. *Id.* at 478.

When counsel's unreasonable performance "deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484. In such a situation, there is a presumption of prejudice because the deficient performance "led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself." *Id.* at 483.

Here, petitioner asserts his counsel was ineffective because he did not file a direct appeal after sentencing. Petitioner does not allege, however, that he requested that counsel file an appeal, or even that he expressed any interest in an appeal. Furthermore, petitioner pleaded guilty and received a low-end guideline sentence, and at his sentencing, the Court instructed him about his right to appeal. Finally, although there was no plea agreement, and thus no waiver of his appeal rights, petitioner has pointed to no issue that he could have raised on appeal that might reasonably have led to vacating the guilty plea or reducing the sentence.

Similarly, petitioner's claim that his counsel should have filed a motion under § 2255 fails for analogous reasons. Petitioner does not allege that he requested his counsel to prepare

---

[2] The court in *Flores-Ortega* provided the following example: Counsel advises the defendant that a guilty plea would likely lead to a two-year sentence, the defendant expresses satisfaction with that outcome, and pleads guilty. *Id.* at 479-80. The court then sentences the defendant to two years as expected and informs the defendant of his appeal rights, and the defendant does not express interest in an appeal. *Id.* In such a situation, if counsel concludes there are no nonfrivolous grounds for appeal, it is likely that he or she could constitutionally choose not to consult the defendant about appealing. *Id.*

8

such a motion, nor were any plausible claims available that could have justified such a motion.

In summary, petitioner has not met his burden of demonstrating that he received ineffective assistance of counsel because his counsel failed to challenge the allegedly improper variance, file a direct appeal, or file a petition for a writ of habeas corpus.  Accordingly, the motion as to the claim of ineffective assistance of counsel will be denied.

### C. Tenth Amendment

Finally, petitioner contends that his conviction for failure to register as a sex offender violates the Tenth Amendment for two reasons.  First, he asserts that the conviction "disregards . . . the federal structure of the national government."  (Docket No. 647 at 7).  Second, he suggests that "state laws were sufficient to prosecute Petitioner for failure to register as a sex offender."  (*Id.*).  Both contentions are unavailing.

As the government writes in response to petitioner's motion, "every circuit to consider such structural constitutional challenges to SORNA has rejected them."  (Docket No. 735 at 9).  *See, e.g.*, *United States v. Guzman*, 591 F.3d 83 (2d Cir. 2010); *Kennedy v. Allera*, 612 F.3d 261 (4th Cir. 2010), *United States v. Johnson*, 632 F.3d 912 (5th Cir. 2011); *United States v. Felts*, 674 F.3d 599 (6th Cir. 2012); *United States v. Smith*, 655 F.3d 839 (8th Cir. 2011), *vacated on other grounds by Smith v. United States*, 566 U.S. 1032 (2012); *United States v. Richardson*, 754 F.3d 1143 (9th Cir. 2014); *United States v. White*, 782 F.3d 1118 (10th Cir. 2015).  This Court "join[s] every . . . court of appeals that has considered the question in holding that SORNA does not violate the Tenth Amendment's anti-commandeering principle and adopt the other circuits' reasoning for doing so."  *Richardson*, 754 F.3d at 1146.

Petitioner's second claim that "[t]he national government violated [his] Tenth Amendment right by charging him with failure to register as a sex offender, in which he was initially charged by the State of Florida" also fails.  (Docket No. 647 at 7).  The federal

government may prosecute a defendant under a federal statute even if a state has already prosecuted that defendant for the same conduct under state law. *Gamble v. United States*, 139 S. Ct. 1960, 1964 (2019). Indeed, the Supreme Court has held for at least "170 years" that a "crime under one sovereign's laws is not 'the same [offense]' as a crime under the laws of another sovereign." *Id.*

**IV.     Conclusion**

For the foregoing reasons, petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated:  January 17, 2024